UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHEVRON U.S.A., INC.,

    Plaintiff,

v.                                                            CASE NO: 8:06-cv-2173-T-26MSS

JOHN J. CECCARELLI and
ENVIRONMENTAL CORPORATION
OF AMERICA,

    Defendant.
_____/

**O R D E R**

    Before the Court is Plaintiff Chevron U.S.A., Inc.'s Motion for Summary Judgment, Statement of Undisputed Facts, supporting affidavits, deposition excerpts, and various exhibits and attachments.[1] The Plaintiff Chevron U.S.A., Inc. (Chevron) has voluntarily dismissed Defendant Environmental Corporation of America,[2] leaving John J. Ceccarelli as the sole remaining Defendant. Defendant John J. Ceccarelli, proceeding pro se, has failed to file any brief or legal memorandum in opposition to the motion or any

---

    [1] See dockets 13-16 & 18.

    [2] See Notice of Voluntary Dismissal at docket 20 and the Order of Dismissal at docket 21.

submissions whatsoever in opposition to the motion.[3] After careful consideration of the motion, the submissions of the parties, the applicable law, and the entire file, the Court concludes that summary judgment must be granted in favor of Chevron.

In this action, Chevron sues Mr. Ceccarelli in two counts of the Amended Complaint for declaratory relief in connection with two guaranties and for breach of the same guaranties.[4] Pursuant to the continuing guaranties, Mr. Ceccarelli agreed on September 11, 1997, and again on September 11, 2001, to pay for all present and future indebtedness of Restructure Petroleum Marketing Services, Inc. (RPMS).[5] The indebtedness occurred pursuant to a Promissory Note and Incentive Agreements entered into between Chevron and RPMS in connection with a Jobber Agreement. Both guaranties were signed by Mr. Ceccarelli.

Pursuant to the Promissory Note, RPMS owed Chevron $980,767.74, for unpaid taxes, which are identified in the Jobber Agreement, and Mr. Ceccarelli is liable as personal guarantor under the continuing guaranties for the remaining balance due on the Promissory Note of $548,964.07. At the termination of the Jobber Agreement on May 25, 2005, RPMS owed to Chevron $421,461.89, under the contingent repayment obligations fo the Amortization Agreements and Hallmark 21 Agreements. Taking into

---

[3] See Order dated August 31, 2007, placing parties on notice of date motion will be taken under advisement and advising parties of consequences for failure to comply with deadlines in the notice, at docket 17.

[4] See docket 9.

[5] See docket 9 at Exh. C & D.

consideration the credit to RPMS's account in the amount of $6,993.55, at the time of termination, the amount due and owing Chevron is $963,432.41, which this Court finds Mr. Ceccarelli personally guaranteed. Final summary judgment will be entered, therefore, against Mr. Ceccarelli, having failed to present any evidence at all to contest the validity of the personal guaranties or the amount of the debt due.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiff's Motion for Summary Judgment (Dkt. 13) is **GRANTED.**

(2)   The Clerk is directed to enter final summary judgment against Defendant and in favor of Plaintiff in the amount of $963,432.41.

(3)   The Clerk is directed to close the file.

**DONE AND ORDERED** at Tampa, Florida, on September 28, 2007.


　　　　　　　　　　　　　　　　s/*Richard A. Lazzara*
　　　　　　　　　　　　　　　　**RICHARD A. LAZZARA**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO**:
Counsel of Record
John J. Ceccarelli, pro se